ELLIS, Judge.
Gus W. Coates has instituted this suit against J. C. Summers, Arthur Thibodeaux, B. Harry Glover, Mrs. Janie S. Glover, and Sheriff Taft Faust of Livingston Parish, in his official capacity. Plaintiff’s original petition prays that a judicial sale under ex-ecutory process in suit #13034 be annulled and that the property be re-advertised and re-sold with each of the 116 lots being separately appraised and sold.
The trial court sustained exceptions of no right and no cause of action and dismissed plaintiff’s suit with prejudice. From that ruling plaintiff has perfected this appeal.
According to appellant’s petition, suit #13034 was entitled J. C. Summers vs. B. Harry Glover, et ux, and therein foreclosure was had on a mortgage executed by B. Harry Glover and his wife in favor of First National Life Insurance Company.
Plaintiff complained in his petition and brief that an ex parte order which he obtained on January 21, 1964 in suit #13034 ordering the lots to be separately appraised and sold was improperly superseded and rescinded by an ex parte order obtained by defendant J. C. Summers on February 20, 1964 ordering that the sale be in globo. The sale was actually conducted in globo and the lots did not bring an amount “sufficient to pay off the lien and claim of (Coates).”
It is evidently appellant’s contention that he had a right to a separate sale of each lot and that such a sale would have generated funds sufficient to pay the second mortgage held by him on the whole of the property sold in globo.
The primary issue before this court is the right or cause of action vel non in the plaintiff to require a separate sale and appraisement of each lot.
Article 1092 of the Louisiana Code of Civil Procedure as amended in 1962 is determinative of that issue. Article 1092 allows third persons to intervene in proceedings to assert ownership of or a mortgage or privilege on the thing sold or about to be sold. In a case where a mortgage or privilege over the whole of the property is claimed, as in the case now before this court, either superior or inferior to the claim of the seizing creditor, the intervention may be filed prior to the distribution of the proceeds of the sale. Upon the filing of such an intervention the court shall order distribution delayed pending a hearing. Article 1092 provides for a separate sale only when intervenor claims a mortgage or privilege on part of the property seized.
*446 The reason for the difference in the relief to the intervenor is clear. A separate sale and appraisement is required to protect the intervenor holding a mortgage on part ■of the seized property. Otherwise, substan-'tiative rights will be lost because it is impossible to determine what portion of a bid in globo is fairly allocable to a particular item or part of the thing sold in globo. However, in a case where intervenor and •seizing creditor have mortgages on the ■'identical property and the seizing creditor •elects not to divide the mortgage, there is in •effect only one item being sold and the inferior privilege holder is entitled only to the excess after payment of the superior privilege. In a case involving a dispute as to the respective rank to which the two privileges are entitled, the article provides that the court shall order a delay in the distribution of the proceeds of the sale so that a 'hearing to determine the rank may be had ■and the intervenor thereby protected.
Inasmuch as appellant is claiming an inferior mortgage to that of the seizing creditor in suit # 13034 no issue of rank is pre•sented. Inasmuch as appellant is claiming a mortgage on the whole of the property ■seized, there is no basis for a separate ap-praisement and sale of each lot. Appellant did not lose any substantive rights be•cause of the failure of the sheriff to sell ■each lot under a separate appraisement. Accordingly, appellant has failed to as■sert a cause of action.
Appellant complains that the pro-needs of the sale in globo were not held by the sheriff after the filing of pleadings by appellant in proceeding #13034. We believe that the reason the funds were not retained by the sheriff pending a hearing is that the appellant never requested that this be done. Appellant simply filed a motion and obtained an order ordering the sale of the lots individually. Appellant never did file a formal intervention in proceeding #13034. Appellant alleges in brief but not in his original petition that a formal petition of intervention was filed in proceeding #13034 by Coates Equipment and Service, Inc. Even if amendment were allowed in this instance our opinion would remain unchanged for Coates Equipment and Service, Inc., claimed a materialman’s lien on the whole of the property seized. Therefore, the corporation had no right or cause of action to assert in connection with the manner in which the property was sold by the sheriff.
Accordingly, the trial judge was correct in sustaining the exception of no cause of action and for that reason it is unnecessary to consider the exception of no right of action.
Affirmed.